IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD D. GADDIS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   NO.  18-cv-2170 |
| | ) |
| FRANKLIN-WILLIAMSON BI- | ) |
| COUNTY HEALTH DEPARTMENT, | ) |
| | ) |
|        Defendants. | ) |

**COMPLAINT**
**PRELIMINARY STATEMENT**

This is a civil rights action under 42 U.S.C. § 1983 of the United States Code commenced by the Plaintiff, a resident of the City of Marion, Illinois, and former employee of the Defendant Franklin-Williamson Bi-County Health Department for the violation of his United States Constitutional rights by the Defendant. More specifically, suit is filed for retaliation for the Plaintiff's exercise of his right to freedom of speech while he was an employee of the Defendant. The Plaintiff seeks compensatory damages, punitive damages, attorney fees, and a trial by jury.

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this suit as to the  42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1343.  Pursuant  to  42  U.S.C. § 1988, this Court has jurisdiction over Plaintiff's claims for costs and attorney fees.

2.  Venue lies pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

**THE PARTIES**

3.  The Plaintiff, Donald D. Gaddis ("Gaddis"), is an adult who resides in the City of Marion, Illinois.  Gaddis was employed by the Defendant from July of 2007, until his termination

date of December 17, 2017.

  4. Defendant Franklin-Williamson Bi-County Health Department was formed pursuant a referendum vote given during an election of the citizens of the County of Williamson and County of Franklin. The Defendant was created pursuant to the laws of the State of Illinois, and as such, the Defendant has the capacity to sue and be sued.

  5. On our about July, 2017, while still employed by the Defendant, Gaddis attended a a regular meeting of the Defendant's Board of Directors, at which time he exercised his right to free speech by making one or more of the following statements:

  A) That taxpayer funds that had been earmarked for the Franklin-Williamson County Health Department where being used for general revenue purposes;

  B) The financial stress that the Board had placed upon Franklin-Williamson County Health Department materially impacted its ability to perform its core misssion;

  6. Said statement a statements were about a matter of public concern in that it concerned the expenditure of public funds and the core mission of the Defendant.

  7. Said statement resulted in the Plaintiff being retaliated against in one or more the following ways:

  A) Based upon information sufficient to form a belief, Plaintiff alleges that as a result of his exercise speech, the Defendant's Director has resolved to terminate the Plaintiff;

  B) In an effort to justify said termination, Defendant's Director began accumulating evidence to justify terminating the Plaintiff;

  C) Prior to December 14, 2017, Plaintiff advised the Defendant's Director that he had retained an attorney and that he wanted all communications concerning his

    employment status to be initiated through his attorney;

 D) On or about December 14, 2017, a meeting was held in the office of the Defendant's director wherein the Director, Defendant's attorney, were present a the Plaintiff was presented with a warning letter. Plaintiff's attorney was not present and was not invited to attend the meeting;

 E) The letter contained materially false statements;

8. As a result of the actions set forth in paragraph 7 above, a work environment was created that made it practically impossible for the Plaintiff to perform his expected work activities.

9. As a result of the actions set forth in paragraph 7 above, Gaddis was damaged in the following ways:

 A) On December 17, 2018, Gaddis resigned his employment with the Defendant because he was no longer able to perform his work duties as a result of the retaliation against him.

 B) Gaddis suffered emotional distress and continues to suffer from emotional distress in the following ways:

  1) depression;

  2) anxiety about his financial condition;

  3) loss of sleep;

  4) inability to enjoy and normal life;

WHEREFORE, Plaintiff prays for damages against the Defendant as follows:

 A) Damages for emotional distress as determined by this Court but in no event less than $25,000.00;

B) In excess of $200,000.00 for lost wages;

C) Punitive damages as determined by this Court but in no event less than $150,000.00.

D) For his reasonable attorney fees.

E) For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

Date: December 13, 2018                     SS// Darrell Dunham
                                            Darrell Dunham
                                            Darrell Dunham & Associates
                                            Attorneys at Law
                                            308 West Walnut Street
                                            Carbondale, IL 62901
                                            618-549-9800
                                            Fax: 618-549-9805